*Apperson*, for plaintiff; *Cord & Walker*, for defendant.

---

## Kennedy's admr. *vs.* Davenport *et al.*

### APPEAL FROM MADISON CIRCUIT.

CHANCERY.

Case 6.

Judge MARSHALL delivered the opinion of the court. June 15.

1. In chancery as at law, one at least of the necessary parties must reside or be served with process in the county where the suit is brought, to give jurisdiction over parties not appearing, resident in, and served in other counties; and unless judgment or decree is rendered against the party resident in the county of the suit, or process served, there can be no judgment or decree against the party residing out of the county. An answer by a party not residing in the county where suit is brought, will not give jurisdiction, as to the other parties, as if there had been service of process on one of the other parties in that county.

2. The answer of one of several defendants not served with process, admitting service, is not evidence against other defendants, to give jurisdiction to the court; and where such other defendant is a necessary party, no decree should be rendered against the party answering.

KENNEDY'S ADMR
       vs.
DAVENPORT et al.

Questions a-
rising in the
case.

Several important questions are made in the objections to this decree. But the radical question is, whether the answer of the executors of Faulkner, which undoubtedly gave the court jurisdiction as to them, gave jurisdiction also as against Davenport. If it did not, then Davenport was not a party for the purposes of the suit, and could not be made a party except by voluntarily coming into the court by appearance or answer, or by being served with process in the county of Madison. And as, without his thus becoming or being made a party, the court could have rendered no decree upon the merits for the want of parties, the bill should have been dismissed as to all of the defendants, without prejudice. For as the court could neither render a final decree as the case stood, nor coerce such preparation as was necessary, the only alternative, when the complainants went in to a hearing without objection or suggestion, was to dismiss their bill without prejudice to their right of suing in the county where one of the defendants might reside, or at least be served with process.

It is contended, that when two or more persons are jointly sued in a county in which they do not reside, and are served with process in a different county from that in which the suit is brought, and none of them are served in that county, the appearance of one to the suit is equivalent to service of process upon him in that county, and gives jurisdiction against all who may be served with process anywhere, just as if the party appearing had resided in the county in which the suit is brought. However this may be, where the party appearing in the suit resides in the county in which it is brought, or where it does not appear that his residence was in another county, we apprehend that where it is distinctly shown, as in this case, that none of the parties reside in that county, or was served with process there, the appearance of a defendant who resides and was served with process out of the county, cannot affect other defendants in the same condition, and who do not choose to appear and sub-

mit to the jurisdiction. The fourth section of the act of 1812, *Statute Law*, 343, authorizes a plaintiff, commencing an action in a county where either of the defendants resides, to issue process to any county where any of them may be found ; but provides, expressly, that should a verdict not be found against the defendant or defendants residing in the county where the action is commenced, judgment shall not be rendered in such action. By liberal construction it has been determined that the service of process upon a defendant in the county in which the action is brought is sufficient, if there be judgment against that one, to authorize judgment against all who are served with process and found liable, which may be proper on the ground that the service of process is at least *prima facie* evidence of residence in the county in which it is served. But in this case, it is apparent from the return of the process that none of the parties resided or were served in the county in which the suit was brought, and that up to the time when some of the defendants filed their answer, the court in which the bill was filed had no jurisdiction of the case, because none of the parties either resided or were served with the subpœna in the county of Madison. And the defendants who answer reiterate and rely upon the fact of non-residence and non-service in the county, not indeed for the purpose of denying the jurisdiction to which they, in effect, submit, but as the ground of insisting that there was no suit pending until they filed their answer, and of thus making out a bar under the statute of limitations.

In looking through the cases in this court on the subject of jurisdiction as dependent upon parties, we find the uniform language to be, that in suits in chancery as well as at law, one at least of the necessary parties must have resided or at least have been served with process in the county in which the suit is brought, to give the circuit court of that county jurisdiction over parties resident and served with process in other counties, and who have not appeared, and that unless

1. In chancery as at law, one at least of the necessary parties must reside or be served with process in the county where the suit is brought, to give jurisdiction over parties not appearing, resident in,

KENNEDY'S ADMR
vs.
DAVENPORT et al.

and served in
other counties;
and unless
judgment or de-
cree is rendered
against the par-
ty resident in
the county of
the suit, or pro-
cess served,
there can be no
judgment or de-
cree against the
party residing
out of the coun-
ty. An answer
by a party not
residing in the
county where
suit is brought,
will not give ju-
risdiction, as to
the other par-
ties, as if there
had been ser-
vice of process
on one of the
other parties in
that county.

2. The an-
swer of one of
several defend-
ants not served
with process,
admitting ser-
vice, is not evi-
dence against
other defend-
ants, to give ju-
risdiction to the
court; and
where such oth-
er defendant is
a necessary par-
ty, no decree
should be ren-
dered against
the party an-
swering.

the party residing or served with process in the coun-
ty be found subject to a judgment or decree, none can
be rendered against other parties who do not appear.
We have neither found nor been referred to any case
in which the court has decided that the answer of one
party, is, as to other parties, to have the same effect
as service of process in the county in which the an-
swer is filed would have had, in giving general juris-
diction over the case and the other parties, as if there
had been service of process on one of the parties in
that county. And we are of opinion that where, as
in the present case, the record shows that none of the
parties to a transitory action are within the jurisdic-
tion, and that the court has no jurisdiction upon the
return of the process, and can derive it only from the
subsequent assent of the defendants, such subse-
quent assent can only operate upon those parties
who give it, and cannot affect others as to whom the
court had no jurisdiction before, and whom it had no
power to coerce, or bring within its jurisdiction.

It is suggested that the answer of Faulkner's exec-
utors admits that some of them were served with pro-
cess in Madison county. But if this were not a mis-
take in the copy, as from the context and the officers'
returns may be assumed, still it is only their admis-
sion, and is entitled to no effect against Davenport,
who cannot be brought before the court by their mere
statement of a fact which ought to be proved by an
officer's return, or at least by solemn evidence. We
conclude, therefore, that Davenport was not before
the court for any purpose of this suit. And the suit
being founded upon the joint and several note of him-
self and Faulkner, to which suit, according to the
rules of chancery practice, he was a necessary party,
without whom no final decree could be pronounced, it
was erroneous to dismiss the bill absolutely as to
Faulkner's executors, whether they succeeded in mak-
ing out their defense under the statute of limitations
or not. If they failed, there could not be a joint de-
cree against them and Davenport, because the latter

was not before the court. And unless he was before the court, there should not and could not properly be a decree discharging the executors of his co-obligor, because he would not be bound by the decree, and the matter would be left to re-litigation. The chancellor does not thus leave his work imperfect. He delights to settle the whole matter, and requires all parties interested to be before him, in order that as little as possible may be left for future controversy.

Under these views, it is unnecessary to inquire whether Faulkner's executors have succeeded in establishing a defense under the act of limitations, or whether Davenport, by whom they proved that Faulkner was surety only in the note, and, therefore, as they insisted, discharged by lapse of time, was a competent witness for them, or whether if Faulkner was but a surety, his uniting with the complainants in administering on the estate of Kennedy, the payee of the note, was such an obstruction to the bringing of an action upon it, as under the proviso to the sixth section of the act limiting actions against securities, (3 *Statute Law*, 559,) precluded him or his representatives from relying on the bar of the statute.

The circuit court of Madison had jurisdiction as far as the executors of Faulkner could give it, but they could not give jurisdiction to decree against Davenport, nor authorize the court to make a separate decree as to themselves, when he was not a party. The decree dismissing the bill absolutely as to them, is therefore reversed, and as the costs are erroneously decreed against the complainants in their individual character, the entire decree is reversed, and the cause is remanded, with directions to dismiss the bill without prejudice, and to decree that the complainants pay, out of assets, to the executors of Faulkner, the costs of the latter in that court; and the said executors are to pay the costs of the plaintiffs in error in this court.

*Turner & Caperton*, for plaintiffs; *Harlan*, for defendants.